■ In the Matter of DAVID E. BELL, Respondent, v VILLAGE OF DELHI et al., Appellants. [772 NYS2d 109]—

Crew III, J.P. Appeal, by permission, from an order of the Supreme Court (Hester, Jr., J.), entered December 21, 2001 in Delaware County, which, in a proceeding pursuant to CPLR article 78, remanded the matter to respondents for a rehearing.

In February 2001 petitioner, a volunteer firefighter and emergency medical technician, was notified by respondent Delhi Fire Department that a complaint had been lodged regarding his conduct during an emergency medical services call to which he had responded in January 2001. Specifically, it was alleged that petitioner had breached a patient's confidentiality rights and engaged in unprofessional conduct by suggesting that he had received sexual gratification while treating the patient in question. A hearing ensued and, ultimately, petitioner was removed from membership in the fire department effective March 26, 2001.

Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking annulment of the underlying determination and reinstatement as a member of the fire department. Supreme Court granted petitioner's application to the extent of remanding this matter for a rehearing in accordance with the provisions of the fire department's constitution. This appeal by respondents ensued.

We affirm. Although General Municipal Law § 209-*l* governs the removal of a volunteer member of a fire department, the statute does not "affect the right of members of any fire company to remove a volunteer officer or voluntary member of such company for failure to comply with the constitution and by-laws of such company." Here, the fire department's constitution provides, in relevant part, that "[a]ny member may be expelled from the Department by a 2/3 majority vote of the members of [respondent] Examining Board for neglect of duty or violation of the Constitution or by-laws after due notice and hearing of charges preferred by the Chief Engineer." As to the specific notice requirements, the fire department's constitution directs that: "upon receiving charges in writing preferred against any officer or member for neglect of duty or for violation of the Constitution or by-laws . . . [the department's line

officers] shall cause the Secretary to notify that member so charged of said charges and the time and place [for a hearing of said charges], and shall cause such notification to convey the assurance to said member that he shall have the right to be present, to testify in his own behalf or to remain silent, to be represented by counsel or otherwise, and to call witnesses on his own behalf."

Although respondents insist that petitioner indeed was afforded due process, even a cursory review of the February 2001 letter sent to petitioner reveals that petitioner was not in fact advised of his full panoply of rights under the fire department's constitution. Specifically, although petitioner was notified of the time and place for the hearing, the fire department did not advise petitioner of his right to be represented by counsel, appear and testify on his own behalf or remain silent and/or call witnesses—all of which plainly was required by the fire department's constitution. Hence, there is no escaping the finding that the notice provided to petitioner was defective.

Respondents argue that because petitioner was well aware of the charges against him and actually did receive the due process required by the fire department's constitution, a rehearing is pointless. We cannot agree. As a starting point, we simply cannot ignore the fact that the fire department did not provide petitioner the notice mandated by its constitution. Moreover, although neither the fire department's constitution nor its bylaws appear to require that a transcript of the hearing be made, the absence of such a transcript hinders our evaluation of respondents' claim that petitioner ultimately did receive all of the due process required under the fire department's constitution. Finally, although the unprofessional and unethical conduct alleged plainly would support either a charge of neglect of duty or a violation of the fire department's constitution or bylaws, respondents, upon remand, would be well advised to specify the precise procedural path they have chosen and the theory behind the charges alleged.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.